Amelia **Papini** et al.
vs. } **No. 84476.**
Oreste **Pieri**

### June 26, 1931.

BLODGETT, P. J. Heard without the intervention of a jury.

Action to recover $200 paid defendant under an agreement executed by plaintiffs and defendant for the sale of certain real estate.

The agreement provides that a deposit of $200 should be made at the time of its execution and this was done. The purchase price was $5,000 and $800 was to be paid upon delivery of deed, and there is a provision that the Papinis were to take a second mortgage for an undetermined amount not, however, to exceed $1,500, and, further, that the Papinis would find some person to take the first mortgage on the property without specifying the amount of said first mortgage. It does not appear from the record or the agreement whether there was a first mortgage on the premises and the amount thereof.

The controversy in this matter arises over the following condition in the agreement:

"It is also understood and agreed, that the party of the first part (Pieri) is taking proper steps to clear the said title to the property, so that the proper deed can be given to the party of the second part (the Papinis) by the party of the first part."

The agreement was executed March 20, 1930. It appears from a memorandum signed by the City Clerk of Pawtucket, the situs of the land in question, that at the time of the execution of the agreement Pieri and one George Ferrari (deceased) were tenants in common of said land. Owing to the death of Ferrari it became necessary to take certain proceedings in the Probate Court of Pawtucket to enable Pieri to carry out his agreement, and it appears that such proceedings were begun.

The writ in this case was issued May 26, 1930, following a demand by the plaintiffs for the return of the $200 paid.

The issuance of such writ is a notice on plaintiffs' part that they refuse to carry out their part of the agreement.

It will be noted that the agreement is silent as to the time given Pieri to carry out his part of the agreement. There was some testimony on the part of plaintiffs that the defendant had agreed to be in a position to carry out the agreement in forty days. This is denied by defendant, and it is further somewhat uncertain when the agreement was to begin and end. It was an oral agreement, if made, and could only be admitted as explanatory of the written agreement, and then only if made before agreement was executed.

In the opinion of the Court, as the parties at the time the agreement was executed knew certain steps had to be taken to clear the title to the property, and there being evidence of record that defendant was attempting to clear the same, that this was a condition precedent in the agreement itself, and that until an absolute refusal was shown on part of defendant to clear said title, or such unreasonable delay on part of defendant to attempt to carry out his part of the agreement as would be tantamount to a refusal, the present action is premature.

Decision for defendant.

For plaintiff: Michael D. Costello.

For defendant: Luigi De Pasquale, Philip S. Knauer.